# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Cindy Schiavone,<br><br>    Plaintiff,<br>vs.<br><br>The Prudential Insurance Company of America<br><br>    Defendant. | Case No. 0:22-cv-484<br><br>**COMPLAINT** |

Plaintiff, for her Complaint against Defendant, states and alleges:

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1) and (f) of the Employee Retirement Income Security Act of 1974 ("ERISA") over this claim for disability benefits under a plan governed by ERISA, 29 U.S.C. § 1001 *et seq.*

2. Venue is proper in this district pursuant to 29 U.S.C. § 1132 (e)(2)[1], because The Prudential Insurance Company of America may be found in this district. In particular, The Prudential Insurance Company of America is registered as a corporation with the State of Minnesota, conducts ongoing

---

[1] 29 U.S.C. § 1132 (e)(2) states "Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district … where a defendant resides or may be found…"

business with Minnesota residents, employs Minnesota residents, has extensive contacts within Minnesota, and accordingly is found within Minnesota.

3. On information and belief, Defendant The Prudential Insurance Company of America insures employee benefit plan ("Plan") that Pride Industries created and maintains to provide its employees with income protection should they become disabled.

4. On information and belief, Defendant The Prudential Insurance Company of America is a corporation organized and existing under the laws of the State of New Jersey for The Prudential Insurance Company of America, and is the insurer and claims administrator for the Plan.

5. Plaintiff is a resident and citizen of the United States, an employee of Pride Industries and a participant in the Plan.

6. As set forth in 29 U.S.C. § 1133 of the ERISA statute, the Plan provides a mechanism for administrative appeals of benefit denials. Plaintiff has exhausted all such appeals.

7. On information and belief, Plaintiff was covered at all relevant times under group disability policy number G-52909-CA which was issued by The Prudential Insurance Company of America to Pride Industries to insure the participants of the Plan. A copy of the policy is attached as Exhibit A.

8. On information and belief, The Prudential Insurance Company of America both funds the Plan and decides whether participants will receive benefits under the Plan. Accordingly, The Prudential Insurance Company of America has a conflict of interest, which must be considered when determining whether its denial of Plaintiff's benefits was proper.[2]

9. The Prudential Insurance Company of America's interest in protecting its own assets influenced its decision to deny Plaintiff's application for disability benefits.

10. The Plan is an ERISA welfare benefit plan.

11. Under the Plan, a participant who meets the definition of "disabled" is entitled to disability benefits paid out of the Plan assets.

12. Under the Plan, participants meeting the definition of "disabled" are also eligible for continuation of life insurance coverage, and a waiver of premiums for such life insurance coverage.

---

[2] "[A]n entity that is both the claims administrator and payor of benefits has a conflict of interest." *Jones v. Mountaire Corp. Long Term Disability Plan*, 542 F. 3d 234, 240 (8th Cir. 2008). Moreover, as the Supreme Court has held, "that conflict ***must be weighed as a factor*** in determining whether there is an abuse of discretion." *Metro. Life Ins. Co. v. Glenn*, 128 S. Ct. 2343, 2348 (2008) (emphasis added).

13. Plaintiff became disabled under the terms of the Plan's policy on or about October 11, 2019 and continues to be disabled as defined by the Plan. Accordingly, Plaintiff is entitled to benefits under the terms of the Plan.

14. Plaintiff submitted a timely claim to The Prudential Insurance Company of America for disability benefits.

15. The Prudential Insurance Company of America denied Plaintiff's claim for disability benefits. Plaintiff appealed The Prudential Insurance Company of America's decision, but The Prudential Insurance Company of America denied Plaintiff's appeal on April 23, 2021. Plaintiff filed a further appeal, which The Prudential Insurance Company of America denied on January 21, 2022.

16. Plaintiff provided The Prudential Insurance Company of America with substantial medical evidence demonstrating she was eligible for disability benefits.

17. The Prudential Insurance Company of America's decision to deny disability benefits was unreasonable, irrational, wrongful, contrary to the terms of the Plan, contrary to the evidence and contrary to law, as demonstrated by the following non-exhaustive examples:

    a. The Prudential Insurance Company of America failed to have Plaintiff independently examined, and instead relied on the opinion

4

of a medical professional who merely reviewed Plaintiff's medical records and rejected the opinion of Plaintiff's treating physician;

b. The Prudential Insurance Company of America relied on the opinions of a two medical professional who were financially biased by their relationship with The Prudential Insurance Company of America and as such unable to offer an unbiased opinion;

c. The Prudential Insurance Company of America relied on the opinions of medical professionals that were not supported by substantial evidence in the claim file, and are inconsistent with the overall evidence in the record;

d. The Prudential Insurance Company of America ignored obvious medical evidence and took selective evidence out of context as a means to deny Plaintiff's claim;

e. The Prudential Insurance Company of America ignored and/or misrepresented the opinions of Plaintiff's treating physicians.

18. The decision to deny benefits was wrong under the terms of the Plan.

19. The decision to deny benefits was not supported by substantial evidence in the record.

20.     The Prudential Insurance Company of America's failure to provide benefits due under the Plan constitutes a breach of the Plan.

21.     The Prudential Insurance Company of America's failure to provide Plaintiff with disability benefits has caused Plaintiff to be deprived of those benefits from April 16, 2020 to the present. Plaintiff will continue to be deprived of those benefits, and accordingly will continue to suffer future damages in an amount to be determined.

22.     The Prudential Insurance Company of America's denial of benefits under the Plan has caused Plaintiff to incur attorneys' fees and costs to pursue this action. Pursuant to 29 U.S.C. § 1132(g)(1), Defendants should pay these costs and fees.

23.     A dispute now exists between the parties over whether Plaintiff meets the definition of "disabled" under the terms of the Plan. Plaintiff requests that the Court declare she fulfills the Plan's definition of "disabled," and is accordingly entitled to all benefits available under the Plan. Plaintiff further requests reimbursement of all expenses and premiums she paid for benefits under the Plan from the time of denial of benefits to the present. In the alternative of the aforementioned relief, Plaintiff requests that the Court remand and instruct The Prudential Insurance Company of America to adjudicate Plaintiff's claim in a manner consistent with the terms of the Plan.

WHEREFORE, Plaintiff respectfully requests the following relief against Defendant:

1. A finding in favor of Plaintiff against Defendant;

2. Pursuant to 29 U.S.C. § 1132(a)(1)(B), damages in the amount equal to the disability income benefits to which Plaintiff is entitled through the date of judgment;

3. Prejudgment and postjudgment interest, calculated from each payment's original due date through the date of actual payment;

4. Any Plan benefits beyond disability benefits that Plaintiff is entitled to while receiving disability benefits, including but not limited to reinstatement of Plaintiff's life insurance coverage and a waiver of premiums;

5. Reimbursement of all expenses and premiums Plaintiff paid for benefits under the Plan from the time of denial of benefits to the present.

6. A declaration that Plaintiff is entitled to ongoing benefits under the Plan so as long as Plaintiff remains disabled under the terms of the Plan;

7. Reasonable costs and attorneys' fees incurred in this action;

8. Any other legal or equitable relief the Court deems appropriate.

Dated: 2/24/2022                         RESPECTFULLY SUBMITTED,

By: /s/ Zachary Schmoll

Zachary Schmoll (MN Bar # 0396093)
**FIELDS LAW FIRM**
9999 Wayzata Blvd
Minnetonka, MN 55305
Office: 612-370-1511
Zach@Fieldslaw.com

*Attorneys for Plaintiff*